# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOHN JENKINS**                                                            **PLAINTIFF**

**VS.**                                                         **CAUSE NO. 3:10CV047-M-A**

**WILLIAM ROGERS, IN HIS**
**INDIVIDUAL CAPACITY**                                                   **DEFENDANT**

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

DEFENDANT William Rogers ("Defendant"), by and through his attorneys, responds to Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads all applicable statute of limitations.

### THIRD DEFENSE

Defendant affirmatively asserts that he is entitled to qualified immunity.

### FOURTH DEFENSE

Although Defendant denies Plaintiff is entitled to punitive damages, Defendant affirmatively pleads that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the United States Constitution and the Mississippi Constitution.

## ANSWER

Without waiving any of the foregoing affirmative defenses, Defendant makes the following responses to each paragraph of the Complaint:

With regard to the first unnumbered paragraph of the Complaint, Defendant denies he violated the civil rights of Plaintiff or "Mr. Giles."

1. Defendant is without information or knowledge sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, they are denied.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

8.[sic] Defendant admits that several officers arrived from the City of Ripley. The remaining allegations contained in paragraph 8. [sic] of Plaintiff's Complaint are denied.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Hunsucker submitted to a portable breathalyzer test and was not told the results. The remaining allegations contained in paragraph 11 of the Complaint are denied.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

17.[sic] Defendant denies the allegations contained in paragraph 17 [sic] of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant is without information or knowledge sufficient to either admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, they are denied.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

30.[sic] Defendant denies the allegations contained in paragraph 30 [sic] of the Complaint.

31.[sic] Defendant denies the allegations contained in paragraph 31 [sic] of the Complaint.

32.[sic] Defendant denies the allegations contained in paragraph 32 [sic] of the Complaint.

33.[sic] Defendant denies the allegations contained in paragraph 33 [sic] of the Complaint.

34.[sic] Defendant denies the allegations contained in paragraph 34 [sic] of the Complaint.

35.[sic] Defendant denies the allegations contained in paragraph 35 [sic] of the Complaint.

36.[sic] Defendant denies the allegations contained in paragraph 36 [sic] of the Complaint, including subparagraphs 1 through 5.

WHEREFORE, Defendant William Rogers denies Plaintiff is entitled to any relief whatsoever and requests that this Court dismiss Plaintiff's Complaint and enter an order permitting said Defendant to recover his costs, expenses, and attorney's fees incurred in the defense of Plaintiff's Complaint.

RESPECTFULLY SUBMITTED, this the 26th day of October, 2010.

**PHELPS DUNBAR, LLP**

BY: */s/ Mark N. Halbert*
Mark N. Halbert, MS Bar #100048
Gary Friedman, MS Bar #5532
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
Post Office Box 1220
Tupelo, Mississippi 38802-1220
Telephone: (662) 842-7907
Telecopier: (662) 842-3873
Email: halbertm@phelps.com
friedmag@phelps.com
ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Defendant has this day filed the above and foregoing with the Clerk of the Court utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Victor I. Fleitas, Esquire**
**Post Office Box 7117**
**Tupelo, MS 38802**

**fleitasv@bellsouth.net**

DATED, this the 26th day of October, 2010.

*/s/ Mark N. Halbert*
Mark N. Halbert